# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| DOUGLAS H. HARDY, M.D., GLENN CHAMPION, ESQ., DYLAN TENT, ET AL., as representatives of a class of real estate brokers and agents,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>NATIONAL ASSOCIATION OF REALTORS, MICHIGAN ASSOCIATION OF REALTORS, THE GROSSE POINTE BOARD OF REALTORS, GREATER METROPOLITAN ASSOCIATION OF REALTORS, NORTH OAKLAND COUNTY BOARD OF REALTORS, AND REALCOMP II LTD.,<br><br>　　　　　　Defendants. | Case No. 2:24-cv-12102-JJCG-DRG<br><br>Hon. Jonathan J.C. Grey<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THE MOTION TO DISMISS THE FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM** |

## **TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................... 1

II.  ARGUMENT .......................................................................................... 1

    A. PLAINTIFFS HAVE NOT ALLEGED HARM TO COMPETITION IN THE TIED MARKET AND THEREFORE LACK ANTITRUST STANDING ................................................................................... 1

    B. PLAINTIFFS HAVE NOT PLAUSIBLY PLED RELEVANT GEOGRAPHIC OR PRODUCT MARKETS ................................... 2

    C. PLAINTIFFS HAVE NOT PLED A TYING CLAIM ....................... 3

    D. PLAINTIFFS DO NOT ALLEGE A PLAUSIBLE CONSPIRACY CLAIM ............................................................................................ 5

III. CONCLUSION ...................................................................................... 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*ComSpec Int'l, Inc. v. Uniface B.V.*,
  No. 20-cv-10067, 2021 U.S. Dist. LEXIS 174016 (E.D. Mich. Sep. 14, 2021) ............................................................................................2

*Findling v. Realcomp II, Ltd.*,
  No. 17-cv-11255, 2018 U.S. Dist. LEXIS 47082 (E.D. Mich. Mar. 22, 2018) ...................................................................................2, 4, 5

*Garczynski v. Accident Fund Ins. Co.*,
  No. 22-cv-12615, 2023 U.S. Dist. LEXIS 84101 (E.D. Mich. May 12, 2023) ...............................................................................................6

*Mich. Div. - Monument Builders of N. Am. v. Mich. Cemetery Ass'n*,
  458 F. Supp. 2d 474 (E.D. Mich. 2006) ................................................2, 3, 4

*Sinay v. CNOOC Ltd.*,
  No. 12-cv-1513, 2013 U.S. Dist. LEXIS 76635 (S.D.N.Y. May 23, 2013),
  *aff'd*, 554 F. App'x 40 (2d Cir. 2014) ..............................................................7

*Thompson v. Metropolitan Multi List*,
  934 F.2d 1566 (11th Cir. 1991) .......................................................................5

*United States v. Realty Multilist*,
  629 F.2d 1351 (5th Cir. 1980) ........................................................................3

**Statutes**

Federal Rules of Civil Procedure 12(b)(6) ............................................................7

Sherman Act Section 1 .....................................................................................6, 7

Sherman Act Section 2 ........................................................................................5

## I. INTRODUCTION

Plaintiffs' First Amended Complaint ("FAC," ECF No. 27) does not cure the defects in their original complaint. After a second attempt and the benefit of Defendants' first motion to dismiss, Plaintiffs, in their Opposition to Defendants' Motion to Dismiss (ECF No. 30), misconstrue basic industry terms and concepts that are central to their claims (e.g., asserting all real estate licensees in Michigan are required to be association members). Plaintiffs also do not plead a single element of an antitrust claim—they have not alleged competitive harm in any plausible product or geographic market, confusingly identifying a "product market" in which Defendants, as service providers, do not participate. Plaintiffs further distract from the merits by improperly introducing new, irrelevant, and misleading facts that (1) cannot be considered on a motion to dismiss, and (2) conflict with their allegations. The FAC should be dismissed with prejudice.

## II. ARGUMENT

### A. Plaintiffs Have Not Alleged Harm to Competition in the Tied Market and Therefore Lack Antitrust Standing

Plaintiffs have not alleged antitrust injury (harm to competition) in the tied market—association membership. *See* MTD, ECF No. 29 at PageID.448-449, 452. Plaintiffs cite allegations about "brokers and agents who refuse to be members or who cannot afford membership." Opp. at PageID.480-481. These conclusory allegations cannot support an assertion of antitrust injury because they are not supported by sufficiently pled factual allegations. They are also irrelevant because

1

Plaintiffs do not identify a trade association competing for memberships with Defendants, nor do they provide a plausible factual basis for asserting that a business decision to not pay for a service is of antitrust significance. Plaintiffs' arguments about but-for causation and whether they are efficient enforcers of the antitrust laws are irrelevant to the issue of antitrust injury. *Id*.

### B. Plaintiffs Have Not Plausibly Pled Relevant Geographic or Product Markets

**Lack of product market.** Plaintiffs incorrectly allege that the "residential real estate market" is the relevant product market. Opp. at PageID.482. But Defendants do not buy and sell real estate. *See* MTD at PageID.446-447; FAC ¶¶ 34–38, PageID.401-413; *Findling v. Realcomp II, Ltd.*, No. 17-cv-11255, 2018 U.S. Dist. LEXIS 47082, at *6 (E.D. Mich. Mar. 22, 2018) ("The product here is not real estate, but a real estate advertising platform."). Plaintiffs' "product market" allegations are facially insufficient. *ComSpec Int'l, Inc. v. Uniface B.V.*, No. 20-cv-10067, 2021 U.S. Dist. LEXIS 174016, at *14-15 (E.D. Mich. Sep. 14, 2021) (dismissing antirust claims where plaintiff did not define the product market).

**Lack of geographic market.** To state an antitrust claim, any alleged "geographic market must correspond to the commercial realities of the industry and be economically significant." *Mich. Div. - Monument Builders of N. Am. v. Mich. Cemetery Ass'n*, 458 F. Supp. 2d 474, 480 (E.D. Mich. 2006); MTD at PageID.446-448. Plaintiffs make no allegations that do this. Plaintiffs claim the geographic market is Michigan. Opp. at PageID.482; FAC ¶ 27, PageID.400. But Plaintiffs

2

also confusingly identify southeast Michigan as the presumed geographic market. Opp. at PageID.481; FAC ¶ 27, PageID.400. Plaintiffs allege no facts supporting the claim that either area is a relevant market. And to the extent the alleged facts about real estate licensees in Michigan are meant to support a market definition (Opp. at PageID.481), they are incomprehensible and cannot be accepted as true. *Mich. Div. - Monument Builders of N. Am.*, 458 F. Supp. 2d at 483 (dismissing antitrust complaint where alleged geographic market "blatantly ignores economic and commercial reality"). Plaintiffs also state that the geographic market is potentially "much larger than just the state of Michigan," even though they have only pleaded facts about Realcomp related to its operations in Michigan. Opp. at PageID.482 n.9. Plaintiffs simply fail to define the relevant market.

### C. Plaintiffs Have Not Pled a Tying Claim

Plaintiffs concede (and have pled) that the rule of reason applies to their claim. Opp. at PageID.479-480; FAC ¶ 96, PageID.411. *United States v. Realty Multilist*, 629 F.2d 1351, 1367-68 (5th Cir. 1980) (on which Plaintiffs rely (Opp. at PageID.480)) does not involve tying but in any event confirms the applicability of the rule-of-reason to the present matter. To be clear, Plaintiffs do not plead a *per se* tying claim, even if that standard applied. *See, e.g.*, *Mich. Div. - Monument Builders of N. Am.*, 458 F. Supp. 2d at 480 n.3 (explaining that in the Sixth Circuit, "market power in the tying product market is an indispensable requirement under either *per se* or rule-of-reason analysis"). Plaintiffs' erroneous arguments about the *per se*

3

standard should be ignored. *Id*. at PageID.484.

*Findling* and the "nationwide consensus" in the case law it cites require dismissal. 2018 U.S. Dist. LEXIS 47082 at *12; MTD at PageID.454-455. Plaintiffs do not persuasively distinguish *Findling*. Opp. at PageID.485-486. Plaintiffs say *Findling* is different because the plaintiff there "was a non-REALTOR® and merely wanted to access the MLS out of convenience." Opp. at PageID.486. This is wrong. MTD at PageID.454. By "non-REALTOR®," Plaintiffs mean a non-real estate licensee, but licensee-status had no bearing on the outcome in *Findling*. The plaintiff in *Findling* lacked standing because he, like Plaintiffs here, did not plead antitrust injury. 2018 U.S. Dist. LEXIS 47082, at *6–7. *Findling* also required the plaintiff "to show that defendants are unreasonably or discriminatorily restricting access to the MLS," in order to state a tying claim. *Id.* at *11. The plaintiff in *Findling* and Plaintiffs here did not do so. *Id.* Plaintiffs' artificial distinction between "voluntary" and "mandatory" membership is perplexing. Opp. at PageID.486. *Findling* involved the same MLS—Realcomp—at issue in this case:

> Defendant Realcomp is a multiple listing service (MLS) controlled by the eight defendant realtor associations. . . . Plaintiff says that Realcomp's MLS is 'the most effective marketing tool for residential real estate in' southeast Michigan. Realcomp's MLS is 'available only to the members of the Realcomp Owners.' To become a Realcomp member, an applicant must be a licensed broker in southeast Michigan actively endeavoring to make or accept offers on property. They must also be a member or affiliate of one of the eight controlling realtor associations and pay a membership fee.

2018 U.S. Dist. LEXIS 47082, at *2 (citations omitted). Plaintiffs have not pleaded

4

any facts that would change the *Findling* tying analysis.

Plaintiffs rely on *Thompson v. Metropolitan Multi List*, 934 F.2d 1566 (11th Cir. 1991) to support their tying allegations and erroneously argue that *Thompson* involved the "almost the exact same set of circumstances" as alleged here. Opp. at PageID.485. To the contrary, *Thompson*, if anything, highlights the crucial deficiencies in the FAC, which contains no allegations that the alleged conduct impacts competing associations. In contrast, the plaintiffs in *Thompson* were a real estate broker and an association that competed with the defendant associations. 934 F.2d at 1570. There, the Eleventh Circuit remanded the case for an assessment of whether defendants caused the plaintiff association to lose members, and whether some firms that would otherwise join the plaintiff association could not afford membership in both plaintiff and defendant associations. *Id.* at 1577-78. Such facts are necessary to state a tying claim and Plaintiffs allege none.

### D. Plaintiffs Do Not Allege a Plausible Conspiracy Claim

**Civil conspiracy.** Plaintiffs do not respond to Defendants' motion to dismiss the civil conspiracy claim. MTD at PageID.460-461. Plaintiffs confusingly rely on monopolization and conspiracy to monopolize case law (Opp. at PageID.489-490; *see also id.* at PageID.487-488) but they bring no Sherman Act Section 2 claim, which would fail anyway. *Supra* § II.A-B, p.1-3.

**Sherman Act Section 1.** Plaintiffs argue that they have sufficiently alleged facts to demonstrate that Defendants acted in concert by restating conclusory

5

assertions made in the FAC. Opp. at PageID.489. Plaintiffs erroneously state, without pleading any facts, that "even though the NAR claims they no longer 'require' membership [to access the MLS], in reality they do as enforced and mandated through the state and local boards." *Id.* at PageID.474. Plaintiffs do not plead facts supporting this conclusion, such as the mechanism through which NAR "requires" state and local boards to mandate membership to access the MLS.

Instead, Plaintiffs improperly rely on exhibits outside the FAC to bolster their deficient conspiracy allegations. *Garczynski v. Accident Fund Ins. Co.*, No. 22-cv-12615, 2023 U.S. Dist. LEXIS 84101, at *10 (E.D. Mich. May 12, 2023). To be clear, these exhibits should not be considered on a motion to dismiss. But in relying on them, Plaintiffs make demonstrably false statements, including concerning NAR and the Phoenix Board of REALTORS®—a situation that was not about MLS access. Ex. 4 at PageID.513-200. Plaintiffs also falsely claim NAR sued Phoenix REALTORS®. Opp. at PageID.476. Plaintiffs' improper exhibits confirm that contrary to Plaintiffs' conclusory allegations, "NAR does not require real estate professionals be members of a [REALTOR®] association to access an MLS. MLS participation is determined at a local level." *Id.* at PageID.515; *see also* Ex. 1 at Page ID.494 (Michigan Association of REALTORS® CEO stating "I can't speak to Realcomp's participation/subscriber requirements."). Additionally, the correspondence attached by Plaintiffs in their Opposition is not with all Defendants, like Plaintiffs represented. Opp. Ex. 1, at PageID.493-498. The extraneous

6

documents confirm the futility of Plaintiffs' allegations.

Plaintiffs then try to place their pleading burden on Defendants, stating that "Defendants do not deny in their motion that they act in concert to enforce these mandatory membership[s]." Opp. at PageID.489. It is neither proper nor necessary on a motion to dismiss for Defendants to "deny" anything. *See Sinay v. CNOOC Ltd.*, No. 12-cv-1513, 2013 U.S. Dist. LEXIS 76635, *6 (S.D.N.Y. May 23, 2013), *aff'd*, 554 F. App'x 40 (2d Cir. 2014) (holding that under Rule 12(b)(6), "Defendant has no burden to present anything"). And Defendants clearly argued that Plaintiffs did not sufficiently plead a conspiracy under Section 1 of the Sherman Act. MTD § III.A.5.

### III.   CONCLUSION

Defendants respectfully request that the FAC be dismissed with prejudice.

Dated:  March 19, 2025

| | |
|---|---|
| MILLER CANFIELD PADDOCK & STONE, P.L.C. | LINNELL & ASSOCIATES PLLC |
| By: *s/ Larry J. Saylor* <br> Larry J. Saylor (P28165) <br> Kimberly L. Scott (P69706) <br> 150 W. Jefferson Ave <br> Suite 2500 <br> Detroit, MI 48226 <br> Tel: 313-963-6420 <br> saylor@millercanfield.com <br> scott@millercanfield.com <br><br> *Attorneys for Defendants National Association of REALTORS® and Michigan Association of REALTORS®* | By: *s/ Richard D. Linnell* <br> Richard D. Linnell <br> 2804 Orchard Lake Road, Suite 203 <br> Keego Harbor, MI 48320 <br> Tel: 248-977-4182 <br> rlinnell@linnellfirm.com <br><br> *Attorneys for Defendant North Oakland County Board of REALTORS®* |

7

BUTZEL LONG

By: *s/ David J. DeVine*
    David J. DeVine
    Sheldon H. Klein
    201 W. Big Beaver, Suite 1200
    Troy, MI 48084
    Tel: 248-258-1616
    devine@butzel.com
    klein@butzel.com

*Attorneys for Defendant Greater Metropolitan Association of REALTORS®*

WEINGARDEN LAW, PLLC

By: *s/ Harvey R. Weingarden*
    Harvey R. Weingarden (P31534)
    370 E. Maple Rd., Third Floor
    Birmingham MI 48009
    Tel: 248-723-1650
    hweingardenlaw@gmail.com

*Co-Counsel for Defendant Realcomp II, Ltd.*

LIPPITT O'KEEFE PLLC

By: *s/ Brian O'Keefe*
    Brian O'Keefe (P39603)
    Alexander E. Blum (P74070)
    370 East Maple Road, Third Floor
    Birmingham, MI 48009
    Tel: 248-609-3526
    bokeefe@lippittokeefe.com
    ablum@lippittokeefe.com

*Co-Counsel for Defendant Realcomp II, Ltd.*

FRASER TREBILCOCK ET. AL. P.C.

By: *s/ Jared A. Roberts*
    Jared A. Roberts (P-55182)
    124 W. Allegan St., Suite 1000
    Lansing, MI 48933
    Tel: 517-482-5800
    jroberts@fraserlawfirm.com

*Attorney for Defendant Grosse Pointe Board of REALTORS®*

## CERTIFICATE OF SERVICE

I certify that on March 19, 2025, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system, which sends notification of such filing to all Attorneys of Record.

    MILLER CANFIELD PADDOCK & STONE, P.L.C.

By: *s/ Kimberly L. Scott*
    Larry J. Saylor (P28165)
    Kimberly L. Scott (P69706)
    150 W. Jefferson Ave
    Suite 2500
    Detroit, MI 48226
    Tel: 313-963-6420
    saylor@millercanfield.com
    scott@millercanfield.com

*Attorneys for Defendants National Association of REALTORS® and Michigan Association of REALTORS®*