THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN


DOUGLAS H. HARDY, M.D.,

GLENN CHAMPION, ESQ.                              CASE NO.24-cv-12102

DYLAN TENT, ET AL, As Representatives of a        HON. Jonathan J.C. Grey

Class of Real Estate Brokers and Agents,          MAG.  David D. Grand


PLAINTIFFS,


V.                                                          CLASS ACTION


NATIONAL ASSOCIATION OF REALTORS,

MICHIGAN ASSOCIATION OF REALTORS,

THE GROSSE POINTE BOARD OF REALTORS,

GREATER METROPOLITAN ASSOCIATION OF

REALTORS, NORTH OAKLAND COUNTY BOARD

OF REALTORS, AND REALCOMP II,


DEFENDANTS.

---

## PLAINTIFFS'  RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY

Plaintiffs, through their undersigned counsel, submit the following Response to Defendants' Motion for Leave to File Notice of Supplemental Authority.

### THE  EYTALIS V. NATIONAL ASSOCIAITON OF REALTORS DECISION  IS  NOT DISPOSITIVE OF PLAINTIFFS' CLAIMS

Defendants have filed a Motion for Leave to submit supplemental authority in the form of the decision from the Northern District of Texas entitled, _Eytalis v. National Association of Realtors, et al_ which was decided on July 22, 2025 claiming that it is dispositive of the case currently pending before this Court. While Plaintiffs recognize that leave is freely given in such a situation, and the Court should be advised of all relevant case law, Plaintiffs maintain the _Eytalis_ case is not dispositive of this matter for a number of significant reasons.

First, the Court in _Eytalis_ dismissed Plaintiff's complaint, in part, based upon allegations made for violating the Clayton Act  finding that her complaint alleged a cause of action based upon services, rather than upon the sale of goods, etc.. The court held Ms. Eytalis had not set forth a viable claim under The Clayton Act and dismissed the case on that basis. The Plaintiffs in this case have not alleged a violation of the The Clayton Act, so the _Eytalis_ case and the court's decision are not applicable in that regard.

Second, it appears from the decision Plaintiff in *Eytalis* had been allowed by the court to amend her complaint on three (3) previous occasions with each amendment stating the same facts and circumstances. The court specifically noted that while there is a "well established policy that plaintiff be given every opportunity to state a claim" *Ramming v. United States*, *281 F.3d 158, 161 (5ᵗʰ Cir.2001)*, it concluded, however, that it had given Plaintiff an ample opportunity to state a claim through these three (3) amendments, and she had failed to do so. Here again, that is not the situation in the case before this court. Plaintiffs have amended their complaint only once, and it was done by right rather than by an order of this Court or by leave. Further, Plaintiffs' Amended Complaint added significant additional facts, circumstances and details which were not present in the initial complaint, and which are different from those alleged in the *Eytalis* matter.

Third, the court in *Eytalis* dismissed the claims for antitrust violation because Plaintiff only alleged injury to herself and failed to link the Defendants' practices to a negative impact on competition. Again, Plaintiffs here maintain their complaint set forth a claim for damages which apply to all of the members of the alleged putative class and which affects all competition.

Fourth, the decision to dismiss plaintiff's complaint in *Eytalis* was also predicated upon the fact that Plaintiff there failed to adequately identify a relevant market and supply factual allegations to support that. The complaint pending

before this court contains significant factual allegations to support Plaintiffs'

claims in this regard. Moreover, whether a plaintiff has pleaded a relevant market

is a question of fact and not one of law with deference being given to Plaintiffs'

claims. _Seidenstein v. Nat'l Med. Enterprises, Inc._ 769 F2d 1100 (5th Cir. 1985).

Plaintiffs maintain that this court should give deference to those allegations set

forth by them in their complaint and take all of the stated allegations as true for

purposes of deciding the Defendants' Motion to Dismiss.

Fifth, the court in _Eytalis_ determined that Ms. Eytalis had not adequately set

forth allegations regarding a tying claim as is required for stating an Anti-Trust

violation. Again, Plaintiffs here maintain that their complaint satisfies the

requirements for stating a violation of the Anti-Trust Act as are detailed in

Plaintiffs' Response to Defendants' Motion to Dismiss.

Finally, the _Eytalis_ court dismissed that case without affording plaintiff an

opportunity to amend which is customary noting the court had afforded the

Plaintiff three other opportunities to amend her complaint with each stating the

same facts.  As mentioned previously, those are not the circumstances here. While

Plaintiffs acknowledge that some of the claims set forth in _Eytalis_ are similar to

those in this case, they are not the same, nor are they dispositive of the Plaintiffs'

action.

For these reasons, Plaintiffs oppose Defendants' Motion.

Respectfully Submitted,

/s/*Michael S. Clawson*
Michael S. Clawson P35728
Attorney for Plaintiffs
41000 Woodward Ave., Suite 395 East
Bloomfield Hills, Michigan 48304
(248)433-4366
msc@mikeclawsonlaw.com

Dated: August 1, 2025

## <u>CERTIFICATE OF SERVICE</u>

Michael S. Clawson certifies that he served a copy of the foregoing document upon each counsel of record through the electronic court filing system on August 4, 2025 and independently via e-mail transmission.

*/s/ Michael S. Clawson*

*Attorney for Plaintiffs*
