THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

DOUGLAS H. HARDY, M.D.,
GLENN CHAMPION, ESQ.                         CASE NO.24-cv-12102
DYLAN TENT, ET AL, As Representatives of a   HON. Jonathan J.C. Grey
Class of Real Estate Brokers and Agents,     MAG.  David D. Grand

PLAINTIFFS,

V.                                           CLASS ACTION

NATIONAL ASSOCIATION OF REALTORS,
MICHIGAN ASSOCIATION OF REALTORS,
THE GROSSE POINTE BOARD OF REALTORS,
GREATER METROPOLITAN ASSOCIATION OF
REALTORS, NORTH OAKLAND COUNTY BOARD
OF REALTORS, AND REALCOMP II,

DEFENDANTS.

---

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR
LEAVE TO FILE SUPPLEMENTAL AUTHORITY**

Plaintiffs, through their undersigned counsel, submit the following Response to Defendants' Motion for Leave to File Notice of Supplemental Authority.

I. **THE DECISION IN *MUHAMMAD V. NATIONAL ASSOCIATION OF REALTORS, ET AL* IS NOT DISPOSITIVE OF PLAINTIFFS' CLAIMS IN THIS CASE.**

Defendants have filed a second Motion for Leave to submit supplemental authority in the form of the decision issued by Judge Joseph Lesson, out of the Eastern District of Pennsylvania entitled, *Maurice Muhammad v. National Association of Realtors, et al* which was decided on July 31, 2025. Defendants here claim the decision is dispositive of the case currently pending before this Court. While Plaintiffs recognize that leave is freely given in such a situation, and the Court should be advised of all relevant case law, Plaintiffs maintain the *Muhammad* case is not dispositive of this matter for a number of compelling reasons.

The decision in the *Muhammad* case is largely devoted to a discussion of the claims advanced by that plaintiff under the Fair Housing Act, Section 198, Section 1983, Due Process, Equal Protection and the Pennsylvania Unfair Trade Practices and Consumer Protection Act. The Plaintiffs in the case before this court have not alleged claims or attempted to state claims under any of these causes of action. In

fact, the court in the *Muhammad* decision devotes the majority of its opinion to discussing these claims, none of which are present or relevant here.

Moreover, it appears from the decision in *Muhammad,* the plaintiff there like the plaintiff in the *Eytalis* decision, the case Defendants cited in their initial Motion to submit Supplemental Authority dated July 25, 2025, had been granted leave by the court to amend his complaint on multiple occasions and each time, Plaintiff merely restated the same allegations with no specific facts to support them. Further, the court there highlighted in a previous order that Mr. Muhammad needed to specifically address certain deficiencies in his second amended complaint, and he would not be given another opportunity to do so. He failed to address these deficiencies which the court cited as a significant basis for the grant of Defendants' motion. The court also took note of the fact Mr. Muhammad chose to represent himself, a decision which it appears greatly impacted Judge Lesson's opinion. Here again, that is not the situation in the case presently before this court. Plaintiffs are represented by counsel and have amended their complaint only once, which was done by right rather than by an order of this Court or by leave. Further, Plaintiffs' Amended Complaint added significant additional facts, circumstances and details which were not present in the initial complaint, and which are different and distinct from those alleged in the *Muhammad* matter.

The court in *Muhammad* dismissed the claims for antitrust violation because Plaintiff failed to allege the basic criteria for establishing a claim under Section 1 of the Sherman Anti-Trust Act. Similarly, the *Muhammad* court dismissed his claims under Section 2 of the Anti-Trust Act because Muhmmad had not alleged sufficient facts to establish that claim. Plaintiffs here maintain that they have sufficiently set forth factual allegations to support a cause of action under both Section 1 and Section 2 of the Sherman Anti-Trust Act. This court should note the balance of the opinion in *Muhammad*, in excess of twenty pages, is entirely devoted to fair housing and discrimination claims raised by Plaintiff, none of which play any part in this case.

In summary, while Plaintiffs acknowledge that some of the claims set forth in the *Muhammad* decision are similar as both deal with claims under the Sherman Anti-Trust Act, they are not the same in terms of the factual allegations or actual claims asserted, nor are they dispositive of the Plaintiffs' action here. The action brought by Mr. Muhammad and Judge Lesson's decision to dismiss his case are predicated on different and distinct circumstances. For these reasons, Plaintiffs oppose Defendants' Motion.

Respectfully Submitted,

/s/ *Michael S. Clawson*

Michael S. Clawson P35728

Attorney for Plaintiffs

41000 Woodward Ave., Suite 395 East

Bloomfield Hills, Michigan 48304

(248) 433-4366

msc@mikeclawsonlaw.com

Dated: August 19, 2025

## CERTIFICATE OF SERVICE

*Michael S. Clawson, counsel for Plaintiffs, states and affirms that he served a copy of the foregoing document upon the Clerk of the Court and all counsel of record via the ECF system on Wednesday, August 20, 2025.*

*Michael S. Clawson PLLC*
*By: /s/ Michael S. Clawson*
*Attorney for Plaintiffs*