# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| DOUGLAS H. HARDY, M.D., GLENN CHAMPION, ESQ., DYLAN TENT, ET AL., as representatives of a class of real estate brokers and agents, | Case No. 2:24-cv-12102-JJCG-DRG |
| Plaintiffs, | Hon. Jonathan J.C. Grey |
| v. | **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY** |
| NATIONAL ASSOCIATION OF REALTORS, MICHIGAN ASSOCIATION OF REALTORS, THE GROSSE POINTE BOARD OF REALTORS, GREATER METROPOLITAN ASSOCIATION OF REALTORS, NORTH OAKLAND COUNTY BOARD OF REALTORS, AND REALCOMP II LTD., | |
| Defendants. | |

Defendants oppose Plaintiffs' Motion for Leave to File Supplemental Authority (ECF No. 38, "Mot.") for three reasons. *First*, the Motion seeks to put before the Court *factual information*, not legal authority. *Second*, the factual information Plaintiffs ask the Court to consider is outside the Complaint, so it is not relevant to the Court's decision on the pending Motion to Dismiss. And *third*, the factual information Plaintiffs seek to introduce is not relevant for the purpose for which Plaintiffs seek to introduce it. Plaintiffs' Motion should be denied.

### A. Plaintiffs Cannot Introduce New Factual Information Under the Guise of Supplemental Authority

The purpose of supplemental authority is to make the court aware of new legal precedent relevant to the case or a pending motion. *See Buddenberg v. Est. of Weisdack*, 711 F. Supp. 3d 712, 762–63 (N.D. Ohio 2024) (explaining that "supplemental authority 'should be used sparingly and for new, controlling case law'" and rejecting proffered supplemental authority (quoting *Gen. Elec. Co. v. Latin Am. Imps., S.A.*, 187 F. Supp. 2d 749, 752 n.1 (W.D. Ky. 2001))).

Here, Plaintiffs seek to introduce a *fact* for the Court to consider in deciding the Motion to Dismiss: that NAR updated its MLS Policy Handbook. *See* Mot. ¶ 6, PageID.681 (" . . . Exhibit 1, in the form of the NAR adopted revised MLS Policies and Procedures will assist the court in deciding Defendants' Motion to Dismiss . . . ."); ECF No. 38-1 at PageID.687 (Exhibit 1). This factual information is not legal precedent. A notice of supplemental authority is thus inappropriate here

2

and leave should be denied. *See Diversicare Leasing Corp. v. Hall*, No. 15-cv-29, 2016 U.S. Dist. LEXIS 103997, at *3 (E.D. Ky. Aug. 8, 2016) (rejecting supplemental authority that "d[id] not establish any new law"); *see also WildEarth Guardians v. Nat'l Park Serv.*, 804 F. Supp. 2d 1150, 1157 (D. Colo. 2011) (declining to consider an alleged factual admission as supplemental authority because "it is not 'supplemental authority' as to any statement of law"); *cf. Lawrence v. Chabot*, 182 F. App'x 442, 455 n.5 (6th Cir. 2006) (explaining that Fed. R. App. P. 28(j), which "permits a party to bring new authorities to the attention of the court," "is not designed to bring new evidence through the back door" and rejecting supplemental materials that were "not supplemental authorities at all; instead, they [were] evidence of what has transpired" (citation omitted)).

### B.     The Factual Information Plaintiffs Seek to Introduce Is Not Relevant to the Pending Motion to Dismiss

Plaintiffs claim that the facts relating to the NAR MLS Policy Handbook updates "will assist the court in deciding Defendants' Motion to Dismiss." Mot. ¶ 6, PageID.681. It is axiomatic, however, that in deciding the Motion to Dismiss, this Court is limited to considering only facts pleaded in the Complaint. *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 682 (6th Cir. 2011) (noting that "Rule 12(b)(6) scrutiny is limited to the pleadings"). Since the facts set forth in Plaintiffs' Motion are not pleaded, they cannot be considered on the Motion to Dismiss, are thus irrelevant, and Plaintiffs' Motion should be denied.

3

### C. The Factual Information Plaintiffs Seek to Introduce Would Not Be Relevant For the Purpose Plaintiffs Claim

Allowing leave to submit this additional factual information would be futile. Plaintiffs' Motion states that Plaintiffs seek to use the fact that NAR updated its MLS Policy Handbook because it purportedly "clearly demonstrates the NAR's admission that its previous policies violated A[nti]-trust law." Mot. ¶ 6, PageID.681. Even were this Court to consider this new, unpleaded factual information, the information is not relevant because it cannot be used for the purpose Plaintiffs seek, rendering it irrelevant. *See WildEarth Guardians*, 804 F. Supp. 2d at 1157 (rejecting attempt to introduce a factual statement "as evidence" because it "does not assist the Court in ascertaining or interpreting the applicable law"). And, in any event, NAR's MLS Policy Handbook update is in no way an admission of anything.

\* \* \*

Defendants respectfully request that the Court deny Plaintiffs' Motion for Leave to File Supplemental Authority.

Dated:  December 3, 2025                    Respectfully submitted,

MILLER CANFIELD PADDOCK & STONE, P.L.C.         LINNELL & ASSOCIATES PLLC

By: *s/ Larry J. Saylor*                       By: *s/ Richard D. Linnell*
    Larry J. Saylor (P28165)                      Richard D. Linnell
    Kimberly L. Scott (P69706)                    2804 Orchard Lake Road,
    150 W. Jefferson Ave                          Suite 203
    Suite 2500                                    Keego Harbor, MI 48320

4

Detroit, MI 48226
Tel: 313-963-6420
saylor@millercanfield.com
scott@millercanfield.com

*Attorneys for Defendants National Association of REALTORS® and Michigan Association of REALTORS®*

BUTZEL LONG

By: *s/ Sheldon H. Klein*
  Sheldon H. Klein
  David J. DeVine
  201 W. Big Beaver, Suite 1200
  Troy, MI 48084
  Tel: 248-258-1616
  klein@butzel.com
  devine@butzel.com

  *Attorneys for Defendant Greater Metropolitan Association of REALTORS®*

WEINGARDEN LAW, PLLC

By: *s/ Harvey R. Weingarden*
  Harvey R. Weingarden (P31534)
  370 E. Maple Rd., Third Floor
  Birmingham MI 48009
  Tel: 248-723-1650
  hweingardenlaw@gmail.com

  *Co-Counsel for Defendant Realcomp II, Ltd.*

Tel: 248-977-4182
rlinnell@linnellfirm.com

*Attorneys for Defendant North Oakland County Board of REALTORS®*

LIPPITT O'KEEFE PLLC

By: *s/ Brian O'Keefe*
  Brian O'Keefe (P39603)
  Alexander E. Blum (P74070)
  370 East Maple Road, Third Floor
  Birmingham, MI 48009
  Tel: 248-609-3526
  bokeefe@lippittokeefe.com
  ablum@lippittokeefe.com

  *Co-Counsel for Defendant Realcomp II, Ltd.*

FRASER TREBILCOCK ET. AL. P.C.

By: *s/ Jared A. Roberts*
  Jared A. Roberts (P-55182)
  124 W. Allegan St., Suite 1000
  Lansing, MI 48933
  Tel: 517-482-5800
  jroberts@fraserlawfirm.com

  *Attorney for Defendant Grosse Point Board of REALTORS®*

5

**CERTIFICATE OF SERVICE**

I certify that on December 3, 2025, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system, which sends notification of such filing to all Attorneys of Record.

                                              MILLER CANFIELD PADDOCK & STONE, P.L.C.

By: *s/ Larry J. Saylor*
     Larry J. Saylor (P28165)
     Kimberly L. Scott (P69706)
     150 W. Jefferson Ave
     Suite 2500
     Detroit, MI 48226
     Tel: 313-963-6420
     saylor@millercanfield.com
     scott@millercanfield.com

*Attorneys for Defendants National Association of REALTORS® and Michigan Association of REALTORS®*